# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROWN, | CASE NO. 1:09-cv-01710 DLB PC |
|           Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT BONDOC WITHIN THIRTY DAYS |
|    v. | |
| MCGUINNESS, et al., | |
|           Defendants. | (Doc. 1) |
| _____/ | |

### Screening Order

## I.     Screening Requirement

Plaintiff Darryl E. Brown, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 29, 2009.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

1   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2   do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

3   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient

4   factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at

5   1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal

6   conclusion are not.  Id. at 1949.

7   **II.   Plaintiff's Claims**

8        Plaintiff, who is currently housed at California State Prison - Corcoran ("CSP-Corcoran"),

9   brings this action for violation of the Eighth Amendment of the United States Constitution and also

10  the California Constitution.  Plaintiff alleges inadequate medical care at CSP-Corcoran.

11       **A.   Eighth Amendment Claim**

12       The Eighth Amendment protects prisoners from inhumane methods of punishment and from

13  inhumane conditions of confinement.[1]  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

14  Extreme deprivations are required to make out a conditions of confinement claim, and only those

15  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

16  the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995

17  (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth

18  Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of

19  and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S.

20  825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

21       **1.   Chief Medical Officer McGuinness**

22       Plaintiff alleges that Defendant McGuinness is conspiring with his subordinates to deny

23  inmates, including Plaintiff, of adequate medical treatment by insidious and discriminatory practices.

24  Plaintiff also contends that Defendant's response to Plaintiff's inmate grievance is deceptive and

25  contrived.

26  _____

27       [1] "Punishment" has the same meaning under the federal and state constitutions.  In re Alva, 33 Cal.4th
     254, 291, 92 P.3d 311, 333-34, 14 Cal.Rptr.3d 811, 838-39 (Cal. 2004).  Therefore, the Court's analysis of
28  Plaintiff's claim under the Eighth Amendment encompasses his claim brought under Article 1, Section 17 of the
     California Constitution.

1    Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated

2 in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis

3 added). The Supreme Court recently emphasized that the term "supervisory liability" is a misnomer.

4 Iqbal at 1949. "Government officials may not be held liable for the unconstitutional conduct of their

5 subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official,

6 regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must

7 demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's

8 constitutional rights. Id. at 1948-49.

9    Plaintiff has not alleged facts showing that Defendant McGuinness personally engaged in the

10 deprivation of Plaintiff's rights, or that Defendant McGuinness "[knew] of and disregard[ed] an

11 excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Although detailed factual

12 allegations are not required, Plaintiff's conclusory statements of discrimination and conspiracy do not

13 state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at, 555. Finally,

14 "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the

15 violation," George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007).

16    Plaintiff fails to state a claim against Defendant McGuinness. Plaintiff will be provided with

17 an opportunity to file an amended complaint if he so chooses.

18    **2.    Nurse Practitioner Bondoc**

19    Plaintiff alleges that Defendant Bondoc withheld medical treatment and pain medication from

20 Plaintiff in retaliation for Plaintiff's engagement in constitutionally protected activities.[2] Plaintiff

21 contends that he was taken off his morphine medication, causing him to suffer from withdrawal

22 symptoms including vomiting, pain, diarrhea, loss of appetite, and loss of sleep.

23    Plaintiff's allegations state a claim against Defendant Bondoc for denial of adequate medical

24 care, in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a)(2); Iqbal, 129 S.Ct. at 1949-50;

25

26    [2] Plaintiff gives no indication that he is attempting to pursue a retaliation claim against Defendant
Bondoc. To the extent that he is, he must so clarify in his amended complaint, and is advised that "[w]ithin the
27 prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a
state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and
28 that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not
reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

1    Farmer, 511 U.S. at 847.

2                    **3.      Nurse Practitioner Loadholt**

3            Plaintiff states that he was suffering from bleeding ulcers that caused him to vomit blood and

4    food.  Plaintiff attempted to explain to Defendant Loadholt the type of medical treatment and medical

5    care that provided relief.  Plaintiff contends that Defendant Loadholt refused to follow Plaintiff's

6    suggestions and insisted on treatment with which Plaintiff disagreed.  Plaintiff alleges a culture of

7    incompetence.

8            "A difference of opinion between a prisoner-patient and prison medical authorities regarding

9    treatment does not give rise to a s 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.

10   1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the

11   doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this

12   course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v. McIntosh, 90 F.3d

13   330, 332 (9th Cir. 1986) (internal citations omitted).  An allegation that Defendant Loadholt acted

14   incompetently and that Plaintiff disagreed with the treatment recommended does not sufficiently

15   demonstrate that Defendant Loadholt acted in conscious disregard of an excessive risk.  Further, an

16   allegation of incompetence would at most support a claim for negligence, and negligence which does

17   not become a constitutional violation simply because Plaintiff is a prisoner.  Estelle v. Gamble, 429

18   U.S. 97, 106 (1977).

19                    **4.      Dr. Kim**

20           Plaintiff alleges that Defendant Kim refused to continue Plaintiff's morphine medication after

21   analyzing an MRI of Plaintiff's lower back.  Plaintiff states that the MRI was not the reason he was

22   initially placed on morphine medication.  Plaintiff contends that "defendant J. Kim's sole design for

23   not continuing Plaintiff's treatment had nothing to do with sound medical analysis, but was predicated

24   upon deliberate indifference to serious medical need encompassed by retaliatory conspiratorial and/or

25   arbitrary discriminatory practices." (Doc. 1, p.7.)  Plaintiff states that on two occasions Dr. Kim

26   laughed at Plaintiff when Plaintiff was describing his pain.

27           The Court does not dispute Plaintiff's contention that he is in pain nor his belief that morphine

28   or other medication is required to control the pain.  However, an allegation that Defendant Kim chose

                                                    4

not to continue Plaintiff on morphine after reviewing Plaintiff's MRI does not support an allegation of deliberate indifference. Plaintiff's disagreement with Defendant Kim's medical treatment or opinion, without more, does not rise to the level of a constitutional violation. Franklin, 662 F.2d at 1344. Furthermore, Plaintiff's conclusory statements of retaliation, conspiracy and discrimination do not state plausible claims for relief, and the fact that Defendant Kim laughed at Plaintiff, although inappropriate, it does not rise to the level of a constitutional violation.

### 5.    Dr. Dhah

Plaintiff alleges that on two dates Defendant Dhah denied Plaintiff adequate medical treatment and pain medication for his back, neck and right shoulder.

Although Plaintiff contends that Defendant's actions caused him to suffer chronic and/or acute pain, Plaintiff has not pled sufficient factual allegations showing that he has a plausible claim for relief against Defendant Dhah; Plaintiff has not demonstrated that Defendant Dhah "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Plaintiff fails to state a claim against him.

### B.    California Tort Claims Act

Plaintiff alleges a violation of the California Tort Claims Act. However, Plaintiff has not delineated a specific cause of action arising under state law. Presuming that Plaintiff is alleging a claim for malpractice, Plaintiff is informed that California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

1  Plaintiff has not alleged compliance and therefore may not at this time proceed with any state

2  law tort claims.

3  **III.**   **Conclusion and Order**

4  Plaintiff's complaint states a claim against Defendant Bondoc for violation of the Eighth

5  Amendment.  However, Plaintiff allegations do not support claims against Defendants McGuinness,

6  Loadholt, Kim or Dhah.  The Court will provide Plaintiff with the opportunity to file an amended

7  complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d

8  1446, 1448-49 (9th Cir. 1987).

9  If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

10  against Defendant Bondoc, Plaintiff may so notify the Court in writing, and his other claims will be

11  dismissed for failure to state a claim.  Plaintiff will then be provided with one summons and one

12  USM-285 form for completion and return.  Upon receipt of the forms, the Court will direct the

13  United States Marshal to initiate service of process on Defendant Bondoc.

14  If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but

15  must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or

16  other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true,

17  the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . .

18  . ." Twombly, 550 U.S. at 555 (citations omitted).

19  Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

20  114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

21  be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.

22  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended

23  complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d

24  811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

25  Based on the foregoing, it is HEREBY ORDERED that:

26  1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

27  2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

28  a.      File an amended complaint curing the deficiencies identified by the Court in

1    this order, or

2        b.    Notify the Court in writing that he does not wish to file an amended complaint

3    and is willing to proceed only against Defendant Bondoc; and

4    3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to

5    obey a court order.

6    IT IS SO ORDERED.

7    **Dated:**   **December 1, 2009**        **/s/ Dennis L. Beck**

                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28